IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGNES M. COLLINS, | : | |
| | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES of AMERICA, | : | |
| | : | No. 11-4450 |
| *Defendant.* | : | |

**M E M O R A N D U M**

GENE E.K. PRATTER                                                                                     JANUARY 10, 2012

      Currently pending before the Court is the Government's Motion to Transfer Venue to the Southern District of Florida (Doc. No. 3) pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court denies the Government's motion.

**I.     FACTUAL BACKGROUND**

      Between 1998 and 2006, the late Mr. Robert E. Collins suffered from a hiatal hernia and gastroesophogeal reflux disease ("GERD"). Mr. Collins was treated for these ailments at Veterans Administration Medical Centers ("VAMC") in West Palm Beach, Florida from 1998 through May 2005, and then in Asheville, North Carolina from May 2005 to February 2006. All the while, Mr. Collins's symptoms progressively worsened. During a February 12, 2006 consultation with a civilian doctor, a biopsy revealed that Mr. Collins suffered from esophageal cancer. In early 2007, Mr. Collins and his wife, Ms. Agnes Collins, moved to Pennsylvania where Mr. Collins underwent treatment at the Fox Chase Cancer Center and Crozer-Chester

1

Medical Center.  However, on May 8, 2007, Mr. Collins succumbed to his cancer and passed away.

Ms. Collins brought this suit against the Government under Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. and § 1346(b), in the Eastern District of Pennsylvania on behalf of herself and the estate of her late husband, alleging that the Government committed medical malpractice for failing to test for and diagnose Mr. Collins's cancer.  The Government filed the present Motion to Transfer Venue.

**II.     DISCUSSION**

Requests for transfer under § 1404(a) may be granted if and when two conditions are met.  First, venue must be proper in both the original and the requested venue under 28 U.S.C. § 1391(a).  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Schiller-Pfeiffer, Inc. v. Country Home Prods., No. 04-1444, 2004 WL 2755585 at *8 (E.D. Pa. Dec. 1, 2004).  Second, the convenience of the parties and witnesses, and the interest of justice must weigh in favor of a transfer to a different forum.  Jumara, 55 F.3d at 879; Foxworth v. United States, No. 05-1683, 2005 WL 1869460, at *1 (E.D. Pa. Aug. 4, 2005).  The Court will analyze each of these conditions in turn.

**A.     Proper Venue**

A court may not transfer a lawsuit to a forum where venue is improper.  See 28 U.S.C. § 1404(a).  Venue is proper in tort claims against the United States brought under 28 U.S.C. § 1346(b) if filed "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  Presently, Ms. Collins resides in Media, PA,

rendering venue proper in the Eastern District of Pennsylvania. Ms. Collins does not dispute that venue also would be proper in the Southern District of Florida. Indeed, Mr. Collins was treated for his hiatal hernia and GERD in West Palm Beach, Florida for seven years.

      **B.     Transfer of Venue**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if the transfer is "[f]or the convenience of parties and witnesses," and "in the interest of justice." See, e.g., Coppolla v. Ferrellgas, Inc., 250 F.R.D. 195, 196 (E.D. Pa. 2008). District courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The burden of establishing the need for transfer rests with the movant. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971).

The Court of Appeals for the Third Circuit has outlined various private and public interests for district courts to consider when adjudicating a motion to transfer venue. The "private interests" include (i) the plaintiff's choice of forum, (ii) the defendant's preferred forum, (iii) the place where the claim arose, (iv) the convenience of the parties as indicated by their relative physical and financial conditions, and (v) the relative ease of access to witnesses and sources of proof, but only to the extent that the proof could not be produced in one of the fora. Jumara, 55 F.3d at 879. The "public interests" include (i) the enforceability of the judgment, (ii) practical considerations that could make the trial easy, expeditious or inexpensive, (iii) the

relative administrative difficulty in the two fora resulting from court congestion, and (iv) the local interest in deciding local controversies at home.  Id.

        **1.**        **Private interests**

As noted above, Ms. Collins's preferred forum is the Eastern District of Pennsylvania, whereas the Government's preference is the Southern District of Florida.  The Court acknowledges the familiar maxim that in considering a transfer request, a plaintiff's choice of forum "is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendant['s] forum." Mato v. Window World, Inc., No. 10-7617, 2011 WL 710473, at *4 (E.D. Pa. Feb. 28, 2011); Blanning v. Tisch, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (citing Shutte, 431 F.2d at 25).  In this case, Ms. Collins resides in Media, PA, in this District, and Mr. Collins lived here as well for the last two months of his life.  Although a substantial part of the events and circumstances giving rise to Ms. Collins claim occurred elsewhere—Florida and North Carolina—Ms. Collins's choice of forum is entitled to substantial deference.

Likewise, because Ms. Collins is a resident of Media, PA, "the convenience of the parties as indicated by their relative physical and financial condition" would also weigh heavily in favor of maintaining the action in the Eastern District of Pennsylvania.  Indeed, Ms. Collins would presumably expend significantly fewer resources litigating her claim close to her hometown, and the Government would be minimally inconvenienced having to prosecute this matter in the Eastern District of Pennsylvania as opposed to the Southern District of Florida.

At first blush, the convenience of the witnesses seems to weigh in favor of transfer. After all, Mr. Collins underwent treatment at the VAMC in West Palm Beach, FL for approximately seven years, whereas he lived in Pennsylvania for only two months before his death and after his cancer diagnosis which is the crux of his malpractice claim. However, upon further examination, the inconvenience on the vast majority of likely witnesses will be no less in the Southern District of Florida than it would be in the Eastern District of Pennsylvania.

In a declaration accompanying the Government's Motion to Transfer, the Department of Veteran Affairs Regional Counsel Attorney for the West Palm Beach VAMC identified sixteen (16) physicians who treated Mr. Collins in Florida and North Carolina during the nine years prior to his move to Pennsylvania. Of those sixteen physicians, only two (2) are located in Florida while the remaining fourteen reside in North Carolina. See U.S. Ex. A, Decl. ¶ 3. Considering that both Mr. Collins's final care givers and Ms. Collins—all likely witnesses—are located in the Eastern District of Pennsylvania, it is unclear how Florida is any more convenient to North Carolina, than is Southeastern Pennsylvania.

    2.    **Public interests**

The "public interests" also counsel against transfer in this case. Neither party has introduced any evidence regarding the enforceability of the judgment or docket congestion in the two districts. As discussed above, practical considerations such as cost and convenience suggest that the Eastern District of Pennsylvania is the most appropriate forum for this litigation. Additionally, although the alleged malpractice occurred in both Florida and North Carolina, Ms. Collins now resides in Pennsylvania, and states have "a manifest interest in providing effective

means of redress for [their] residents." Foxworth, 2005 WL 1869460, at *3 (quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957).

Likewise, although either Florida or North Carolina malpractice law will ultimately govern this case, see 28 U.S.C. § 2674, the Court notes that it has not yet conducted a choice of law analysis, and therefore has not yet determined which forum's law applies to the case. However, this Court is as fully prepared and empowered to apply Florida law, as a Florida District Court would be to apply North Carolina law as the case may warrant. See Fid. & Deposit Co. of Md. v. Price & Price Mech., Inc., No. 09-619, 2010 WL 3431858, at *2 (E.D. Pa. Aug. 31, 2010). The mere possibility that Florida law applies here, does not tip the scale in favor of transfer.

### III.  CONCLUSION

Accordingly, the private and public interests in this case weigh against venue transfer. The Court will therefore deny the Government's Motion to Transfer the case to the Southern District of Florida.

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge